# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
MICHELLE A. TASSEFF as Executrix of the Estate of JOSEPHINE EWING

**(b)** County of Residence of First Listed Plaintiff: Erie
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Meyers Buth Law Group
21 Princeton Place
Orchard Park, NY 14127

## DEFENDANTS
United States of America

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☒ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☒ 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**TORTS — PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**PRISONER PETITIONS — Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC Sec 233

Brief description of cause:
Medical Malpractice against an HRSA public health center

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 900,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____   DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**
RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

Print   Save As...   Reset

United States District Court
Western District of New York

_____

MICHELLE A. TASSEFF as Executrix of the Estate of
JOSEPHINE EWING,

                              *Plaintiff*

                                                                                **COMPLAINT**

       -v

United States of America

                              *Defendant.*

_____

      Plaintiff, MICHELLE A. TASSEFF, as Executor of the Estate of JOSEPHINE EWING deceased, by and through her attorneys, Meyers Buth Law Group, PLLC, for her Complaint in the subject action states as follows:

1. That at the time of the incidents in question, the plaintiff, MICHELLE A TASSEFF, and Decedent JOSEPHINE EWING were citizens of the United States of America residing at 54 Cloister Court, Blasdell, NY 14219.

2. JOSEPHINE EWING was a resident of the county of Erie and died on March 15, 2019.

3. On January 29, 2021, MICHELLE A. TASSEFF was issued Letters Testamentary by the Erie County Surrogate as the Executrix of the Estate of JOSEPHINE EWING who died on March 15, 2019.

                        AS AND FOR A FIRST CAUSE OF ACTION FOR PERSONAL INJURIES

4. That, upon information and belief and at all times hereinafter mentioned, the Defendant CHRISTOPHER BIONDOLILLO, M.D., was and still is a physician duly licensed to practice his profession in the State of New York and held himself out to the public as a skilled and competent physician capable of properly and skillfully examining patients, of making diagnoses, and properly and skillfully treating, advising and caring for patients, and generally practicing the specialty of Family Medicine.

5. That, upon information and belief, and at all times hereinafter mentioned, the defendant, NEIGHBORHOOD HEALTH CENTER, was an organization duly organized and existing under the laws of the State of New York, having its principal place of business at 4233 Lake Avenue, Blasdell, New York, in the County of Erie and having the power to sue and to be sued.

6. That, upon information and belief, and at all times hereinafter mentioned, the defendant, NEIGHBORHOOD HEALTH CENTER, held out its staff of physicians, residents, nurses, technicians and other medical personnel employed there as having the proper and requisite skills and learning required to render skillful and proper care and treatment of patients including examination, diagnosis and management of patients coming under its care and treatment.

7. That, upon information and belief, and at all times hereinafter mentioned, defendant, CHRISTOPHER BIONDOLILLO, M.D., was a member, partner, agent and/or employee of defendant, NEIGHBORHOOD HEALTH CENTER.

8. That, upon information and belief, and at all times hereinafter mentioned, the defendant, NORTHWEST BUFFALO COMMUNITY HEALTH CENTER, (hereinafter referred to as "NORTHWEST") was an organization duly organized and existing under the laws of the

State of New York, having its principal place of business at 155 Lawn Avenue, Buffalo, New York, in the County of Erie and having the power to sue and to be sued.

9. That, upon information and belief, and at all times hereinafter mentioned, the defendant, NORTHWEST, held out its staff of physicians, residents, nurses, technicians and other medical personnel employed there as having the proper and requisite skills and learning required to render skillful and proper care and treatment of patients including examination, diagnosis and management of patients coming under its care and treatment.

10. That, upon information and belief, and at all times hereinafter mentioned, defendant, CHRISTOPHER BIONDOLILLO, M.D., was a member, partner, agent and/or employee of defendant, NORTHWEST.

11. That the Health Resources and Services Administration (HRSA) deemed Northwest Buffalo Community Health Center to be an employee of the Public Health Center, Neighborhood Health Center and Christopher Biondolillo M.D., were thereby deemed to be employees of the United States Public Health Service within the exclusive remedy provision of 42 U.S.C. Sec. 233(a).

12. That 42 U.S.C. Sec. 233(a) make exclusive the remedy against the United States, as provided by 28 U.S.C. Sec. 1346(b) and Sec. 2672 damages for personal injury resulting from performance of medical surgical related functions…by any employee…of the Public Health Service while acting within the scope of his office or employment. 42 U.S.C. Sec. 233(a) provides that, "upon a certification by the Attorney General that the defendant was acting within the scope of his employment at the time of the incident out of which the suit arose, any such civil action or proceeding shall be deemed a tort action brought against the United States under the provision of title 28 and all references thereto."

13. That on June 8, 2021, the United States Attorney for the Western District of New York certified Christopher Biondolillo MD, Neighborhood Health Center and Northwest Buffalo Community Health Center, were acting within the scope of their employment with respect to the claims arising from the care and treatment of Josephine Ewing.

14. Venue in the Western District of New York is proper pursuant to 28 U.S.C. Sec. 1402 and 28 U.S.C. Sec. 1391 on the basis that a substantial part of the acts or omissions giving rise to the claim occurred within the jurisdiction of said judicial district, and on the basis that Plaintiff resided in said judicial district.

15. The amount in controversy in this matter, exclusive of interests and costs, is in excess of $75,000.

16. This action arises out of the Federal Tort Claims Act (FTCA), 28 U.S.C. Sec. 1346. Pursuant to the FTCA, plaintiff presented her claim to the U.S. Department of Health and Human Services, HHS, the federal agency out of whose activities the claim arose. Plaintiff's claim was presented in the form of an executed SF-95, including a description of a basis of the claim, a description of the nature and extent of the injury, and a demand for damages in sum certain, all in accordance with 28 U.S.C. Sec. 2675 and 28 CFR Part 14.

17. The administrative claim was received by the U.S. Department of Health and Human Services on March 8, 2021, more than six months prior to the commencement of this action. The agency failed to issue a final disposition of the claim during that period, so plaintiff's claim is deemed denied. Therefore, pursuant to 28 U.S.C. Sec. 2675, plaintiff may now properly commence this action against the United States in this Court.

18. Plaintiff has duly complied with all conditions precedent to the commencement of this action.

19. That, upon information and belief, and at all times hereinafter mentioned, on or about 11/10/2017 and thereafter, the Decedent, JOSEPHINE EWING, came under the care and treatment of Defendant, CHRISTOPHER BIONDOLILLO, M.D., NEIGHBORHOOD HEALTH CENTER AND NORTHWEST BUFFALO COMMUNITY HEALTH CENTER, and remained under their care and treatment until her death on 3/15/2019.

20. That the care rendered to decedent by defendants, and each of them, was negligently, carelessly and unskillfully performed.

21. That solely due to the negligence of the defendants, and each of them, and as a direct and proximate result of the failure of the defendants to properly and promptly diagnosis and treat her symptoms and condition, the decedent, JOSEPHINE EWING, suffered severe and permanent injuries all of which ultimately resulted in her death on March 15, 2019.

22. That by virtue of the foregoing, decedent experienced great pain, suffering and anguish prior to her death, all to her damage in the amount of $450,000.

**SECOND CAUSE OF ACTION FOR WRONGFUL DEATH**

23. That plaintiff repeats and realleges paragraphs 1 through 22, the same as if each were more fully set forth herein.

24. That decedent, JOSEPHINE EWING, died as a direct and proximate result of the failure of the defendants, and each of them, to properly examine, diagnose and promptly treat JOSEPHINE EWING from 11/10/2017 until her death on 3/15/2019.

25. That decedent, JOSEPHINE EWING, left surviving her as her heirs and distributees, decedent's children, MICHELLE A. TASSEFF and DAVID W. EWING.

26. That prior to the negligence and malpractice of defendants, decedent, JOSEPHINE EWING, was an able-bodied woman who devoted herself to the welfare and comfort of her

family, and was the primary caretaker for DAVID W. EWING a disabled adult currently living with Downs Syndrome. By virtue of her wrongful death, decedent's children have been deprived of the comfort and society of decedent, JOSEPHINE EWING, and of her services, and of the moral, intellectual, physical and spiritual care and attention, guidance and training which only a mother can provide to her children.

27. That on January 29, 2021, MICHELLE A. TASSEFF was awarded Letters Testamentary by the Erie County Surrogate.

28. That by reason of all of the aforesaid, the Plaintiff incurred and became liable for and/or paid for the funeral and burial expenses and the medical and hospital expenses on behalf of decedent.

29. That by reason of the foregoing, Plaintiff demands compensatory damages for the wrongful death of JOSHEPHINE EWING in the amount of $450,000.

WHEREFORE, Plaintiff demand judgment against the defendant In the FIRST CAUSE OF ACTION, in the amount of $450,000, for the personal injuries and conscious pain and suffering of the decedent, JOSEPHINE EWING, and $450,000 in the SECOND CAUSE OF ACTION, money damages in a sum sufficient to compensate Plaintiff, MICHELLE A. TASSEFF for the wrongful death of decedent, JOSEPHINE EWING, plus the costs and disbursements of this action.

Dated: September 20, 2021

Respectfully submitted

/s/ Patrick J. Maloney

MEYERS BUTH LAW GROUP, PLLC
Patrick J. Maloney, Esq., Of Counsel
Attorneys for Plaintiff
21 Princeton Place
Orchard Park, NY. 14127
Phone: 716-508-8598

# UNITED STATES DISTRICT COURT
for the

| | |
|---|---|
| MICHELLE TASSEFF as Executrix of the Estate of JOSEPHINE EWING <br><br> *Plaintiff(s)* <br><br> v. <br><br> United States of America <br><br> *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* United States Department of Justice
Office of the Attorney General
950 Pennsylvania Avenue NW.
Washington, D.C. 20530-0001

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Patrick J. Maloney, Esq.
21 Princeton Place
Orchard Park, NY 14127

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: _____                         _____
                                                *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____, a person of suitable age and discretion who resides there,
on *(date)* _____, and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____, who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

Print    Save As...    Reset